IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE BROWNLEE, | ) | No. CV-F-06-320 OWW/SMS HC |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO SET ASIDE RULING |
| Petitioner, | ) | PURSUANT TO RULE 60(b), |
| | ) | FEDERAL RULES OF CIVIL |
| vs. | ) | PROCEDURE (Doc. 30) |
| | ) | |
| | ) | |
| M. KRAMER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    By Order filed on May 25, 2006, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed for lack of jurisdiction on the ground that the petition is a second or successive petition.

    On January 10, 2006, Petitioner filed a motion to set aside this ruling pursuant to Rule 60(b)(3), Federal Rules of Civil Procedure, asserting that the state court fraudulently increased Petitioner's sentence from 15 years in prison to 15 years to life.

1    The threshold issue is whether this Court has jurisdiction
2 to hear the claim asserted in Petitioner's Rule 60(b) motion.
3    In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme
4 Court discussed the interaction between Rule 60(b), Federal Rules
5 of Civil Procedure, and the AEDPA.  After noting that the AEDPA
6 and its decisions make clear that a "claim" "is an asserted
7 federal basis for relief from a ... judgment of conviction", *id.*
8 at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will
> contain one or more 'claims.'  For example,
> it might straightforwardly assert that owing
> to 'excusable neglect.' Fed. Rule Civ. Proc.
> 60(b)(1), the movant's habeas petition had
> omitted a claim of constitutional error, and
> seek leave to present that claim ...
> Similarly, a motion might seek leave to
> present 'newly discovered evidence,' Fed.
> Rule Civ. Proc. 60(b)(2), in support of a
> claim previously denied ... Or a motion might
> contend that a subsequent change in
> substantive law is a 'reason justifying
> relief,' Fed. Rule Civ. Proc. 60(b)(6), from
> the previous denial of a claim ... Virtually
> every Court of Appeals to consider the
> question has held that such a pleading,
> although labeled a Rule 60(b) motion, is in
> substance a successive habeas petition and
> should be treated accordingly ....
>
> We think those holdings are correct.  A
> habeas petitioner's filing that seeks
> vindication of such a claim is, if not in
> substance a 'habeas corpus application,' at
> least similar enough that failing to subject
> it to the same requirements would be
> 'inconsistent with' the statute.  28 U.S.C. §
> 2254 Rule 11.  Using Rule 60(b) to present
> new claims for relief from a state court's
> judgment of conviction - even claims couched
> in the language of a true Rule 60(b) motion -
> circumvents AEDPA's requirement that a new
> claim be dismissed unless it relies on either
> a new rule of constitutional law or newly

    discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

    In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple.  A motion that seeks to add a new ground for relief ... will of course qualify.  A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred by denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 531-532.   However, the Supreme Court ruled:

    That is not the case ... when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532.   The Supreme Court noted:

    Fraud on the federal habeas court is one

3

1
2
3
4
5
6
7
          example of such a defect.  See generally *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2 2001)(a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing 'relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial').  We note than an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra*, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

8   Here, Petitioner's claim of fraud pursuant to Rule 60(b)(3)
9   is not based on any defect in the prior habeas corpus
10  proceedings.  Rather, the claim is based on alleged fraud in the
11  underlying state criminal proceeding, a claim which Petitioner
12  could have raised in the prior habeas corpus proceedings.
13  Therefore, the exception for fraud noted by the Supreme Court
14  does not apply.

15   Petitioner's motion to vacate must be construed as a second
16  or successive motions pursuant to Section 2254 governed by 28
17  U.S.C. § 2244.  *Thompson v. Calderon*, 151 F.3d 918, 921 (9th
18  Cir.), *cert. denied*, 524 U.S. 965 (1998).  Consequently, this
19  court lacks jurisdiction to consider the merits of these motions
20  absent authorization from the Ninth Circuit Court of Appeals.
21  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

22   ACCORDINGLY, as set forth above,

23   Petitioner's Motion to Set Aside Ruling Pursuant to Rule
24  60(b)(3), Federal Rules of Civil Procedure is DENIED for lack of
25  jurisdiction.

26  ///IT IS SO ORDERED.

| | |
|---|---|
| **Dated:** **February 12, 2007**<br>emm0d6 | **/s/ Oliver W. Wanger**<br>UNITED STATES DISTRICT JUDGE |